LEE GRIER V. STATE OF NEBRÁSKA.

FILED MARCH 5, 1908. No. 15,327.

1. **Indictment: CONSTRUCTION.** Where it is alleged that a defendant committed a certain single act upon a definite day and in a certain place, a later charge that defendant then and there did, or omitted to do, some other act with reference to the first one is equivalent to charging one transaction at the same time and place.

2. ———: ———. The rule that averments of time in an information are mere matters of form, and that the date need not be proved as laid, does not apply to a prosecution under sections 33 and 227, ch. 12a, Comp. St. 1907, against a clerk of the police court for failure to pay over within 30 days of collection all fines that come into his possession as such officer, where the offense is alleged to have been committed at a time when there was no obligation to account.

ERROR to the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*John O. Yeiser,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

ROOT, C.

An information containing seven counts was filed against appellant in the district court for Douglas county. We need consider only the first, which, omitting caption, is in the following language: "That on the 20th day of November, in the year of our Lord nineteen hundred five, Lee Grier, late of the county of Douglas aforesaid, in the county of Douglas and state of Nebraska aforesaid, then and there being the duly appointed, qualified and acting clerk of the police court of the city of Omaha, and as such officer then and there authorized and empowered by law to collect and receive all fines, penalties and forfeitures for offenses against the ordinances of the said city of

12

Omaha and for misdemeanors against the laws of the state of Nebraska committed within the said city of Omaha, as such officer did on or about the said 20th day of November, 1905, in the county and state aforesaid, collect and receive the sum of twenty ($20) dollars in money of the value of twenty ($20) dollars, the same being a fine assessed by the magistrate of the said police court against one Jacob Yulto, and did then and there wilfully, unlawfully and feloniously fail, neglect and refuse to pay the same to the city treasurer of the said city of Omaha as required by law, after collecting and receiving the same as aforesaid, and the said Lee Grier did then and there fraudulently, unlawfully and feloniously convert the said sum of twenty ($20) dollars in money of the value of twenty ($20) dollars to his own use, the same being the property of the school district of the city of Omaha, in the county of Douglas and state of Nebraska." To this information the appellant demurred, for the reason that the charge did not "state facts sufficient to constitute a crime against any laws of the state of Nebraska." Preceding the demurrer appellant moved the court to quash the information for certain immaterial reasons. Each plea was denied, and appellant placed on trial.

The court instructed the jury with respect to the first count in the information as follows: "That defendant, Lee Grier, was on the 20th day of November, 1905, the the duly appointed, qualified and acting clerk of the police court of the city of Omaha, Nebraska; that on or about said date last named the magistrate of said police court, and while acting as such, did impose or assess a fine of $20 against one Jacob Yulto; that on or about said last named date said defendant, as clerk of said police court, did collect and receive into his possession said fine of $20 so assessed; that defendant wilfully, purposely and unlawfully did fail, for a period of more than 30 days after receiving the sum of said fine, to pay the same over to the city treasurer of the city of Omaha; that all these acts occurred within the county of Douglas and state of

Nebraska. Should you find from the evidence, beyond a reasonable doubt, that each and every one of the foregoing propositions are true, it will be your duty to convict said defendant in manner and form as he stands charged in the first count of said information. Otherwise, you will acquit said defendant of the charge made against him in said first count."

The court also instructed the jury, quoting from the statutes relating to metropolitan cities: "You are instructed that the charter of the city of Omaha, as the same is incorporated in and a part of the statutes of the state of Nebraska, in so far as they pertain to the offense herein charged, provides that; 'All fines, fees, and costs taxed and collected by a police magistrate shall be paid into the city treasury at the end of each week, accompanied by a full and accurate statement of all such as well as those taxed and uncollected. * * * Provided, that when a clerk for the police magistrate is provided for by ordinance, such clerk shall make collections, payments and reports herein required with like liability as the police magistrate.' It further provides that: 'All fines, penalties and forfeitures collected for offenses against the ordinances of the city, or for misdemeanors against the laws of the state committed within the city, shall, unless otherwise provided by law, be paid by the person receiving the same to the city treasurer, and any person receiving such fines, penalties and forfeitures, who shall fail to pay the same over as above provided, within 30 days after the receipt of the same by him, * * * shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not to exceed a certain stated amount and imprisonment not to exceed a certain stated period in the county jail."

In this court the assignments of error are not as clear as they might be, and the brief of appellant has the commendable feature of brevity. The case was prosecuted, not as one for embezzlement, but for an alleged violation of the quoted statute. To our minds the information does

not charge an offense under the statute. The court should not have instructed the jurors that the information charged that the defendant had wilfully, purposely and unlawfully failed, *for a period of more than 30 days after receiving the sum of said fine,* to pay over the same to the city treasurer of the city of Omaha. Thereby the court injected into the information the material and essential fact, not therein alleged, that appellant had failed for more than 30 days after making the collection to pay the same over to the city treasurer. The charge is that defendant collected the fine on or about the 20th day of November, 1905, and did then and there fail, neglect and refuse to pay the same, etc. However indefinite the time may be as to the alleged collection, that date, whatever it may have been, is the antecedent for the charge that appellant failed, neglected and refused to pay over the money. Appellant was not in default under this statute until 30 days after making the collection, unless the mayor should have made demand for the payment, and this is not charged or claimed. Section 412 of the criminal code only excuses the omission of an allegation of time from an indictment "where time is not of the essence of the offense." The time of failure to pay over was material with regard to the date the fine was collected, and the fact that the failure continued for 30 days was absolutely essential to constitute the statutory offense. The rule has been settled for ages that in charging an offense against the criminal law, where a time is definitely charged, and thereafter it is alleged in the indictment that the defendant "then and there" did, or refused to do, something, the later act is charged as existing coexistent with the earlier date. *Palmer v. People,* 138 Ill. 356, 32 Am. St. Rep. 146. A case in point is *Dreyer v. People,* 176 Ill. 590, where the indictment alleged that Dreyer on the 21st day of December, 1896, unlawfully and feloniously failed and refused to pay to his successor in office certain funds in his hands as treasurer of the West Chicago park commissioners. Mr. Justice Cartwright, writing

the opinion of the court, says: There is no direct allegation that at the time of the demand or the failure to pay Fred M. Blount had become treasurer, as successor to defendant, so as to entitle him to the fund. The indictment must show that the demand and failure to pay were when the defendant was no longer treasurer and had no right to retain the fund." In the instant case there is an entire lack of allegation, direct or by implication, that the failure and refusal of the defendant to turn over the money collected by him as clerk of the police court continued 30 days or more after the receipt of the money, and, hence, he should not have been placed on trial for that offense, nor should the court have instructed the jury that the information in substance charged material allegations entirely missing from the record. *Moline v. State,* 67 Neb. 164. The statement that the defendant then and there failed to pay "according to law" will not aid the state. The first allegation goes back to the time of collection, and the words "according to law" are mere legal conclusions of the pleader.

For errors referred to, the judgment of the lower court is vacated and the cause remanded for further proceedings according to law.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is vacated and the cause remanded for further proceedings according to law.

REVERSED.